**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Montell FREED,
Defendant-Appellant.**

No. 82–1305.

United States Court of Appeals,
Ninth Circuit.

Argued Nov. 10, 1982.

Submitted March 3, 1983.

Decided April 5, 1983.

Harry L. Hellerstein, Asst. Federal Public Defender, San Francisco, Cal., for defendant-appellant.

Charles B. Burch, Asst. U.S. Atty., Sandra Teters, San Francisco, Cal., for plaintiff-appellee.

Before WRIGHT, ANDERSON and CANBY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Freed challenges his conviction on six counts of possession of a firearm by a convicted felon. 18 U.S.C.App. § 1202(a)(1). Two issues are presented. First, may a conviction under that statute be based on an expunged state felony conviction? Second, was Freed's state felony conviction unconstitutionally obtained, and therefore not a valid basis for this conviction?

I. Expunction of the State Conviction

In 1965 Freed was convicted in Texas of the felony of receiving and concealing sto-

len property. In 1966, after he had satisfied the conditions of his probation, his conviction was set aside by the Texas court. He was "released from all penalties and disabilities resulting" from the conviction. That was his only felony conviction prior to his conviction on these charges.

■ Freed argues that the 1965 conviction has been expunged, and is not a prior felony conviction for purposes of the federal firearms laws. The government responds that the release from disabilities granted by the Texas court was not an expunction. *See United States v. Padia,* 584 F.2d 85 (5th Cir.1978). Regardless of whether the release constituted an expunction, Freed's argument is meritless.

The Supreme Court held recently that expunction of a state conviction does not remove automatically the firearms disabilities imposed by the federal gun control statutes. *Dickerson v. New Banner Institute, Inc.,* — U.S. ——, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983), *rev'g* 649 F.2d 216 (4th Cir.1981); *see also United States v. Bergeman,* 592 F.2d 533 (9th Cir.1979). We must reject Freed's argument that his prior felony conviction was improperly used as the basis of the present charges.

II. Constitutionality of the State Conviction

■ Freed contends that his 1965 conviction was invalid, because the guilty plea underlying it was not voluntary and intelligent. *See Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). He alleges that he was not advised of his rights, and was not aware of them when he entered his plea. He reasons that the plea cannot be the basis of this firearms conviction.[1]

■ This circuit has applied *Boykin* retroactively. *E.g., United States v. Goodheim,* 686 F.2d 776, 777 (9th Cir.1982). We have held that *Boykin* does not require specific articulation of the rights being waived

by a guilty plea. *Wilkins v. Erickson,* 505 F.2d 761, 763 (9th Cir.1974). However, the record must "affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." *Id.*

■ The district court held an evidentiary hearing on the issue. Evidence of the Texas trial court's practice in accepting guilty pleas and of Freed's former attorney's practice in advising clients was admitted, along with a signed jury waiver. This evidence clearly and convincingly supports the inference that the plea was constitutionally taken. *Goodheim,* 686 F.2d at 777–78.

The district judge found the defendant's contradictory testimony not credible. He found that the 1965 guilty plea was voluntarily and intelligently entered. In light of the passage of 17 years and the absence of other records, the evidence was sufficient to support the trial judge's conclusion of constitutionality, absent credible rebuttal by the defendant. *Id.*

The judgment is AFFIRMED. The mandate will issue at once.

---

1. *Lewis v. United States,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), held that the constitutionality of an underlying conviction may not be challenged in a federal firearms prosecution.

*Lewis* is not retroactive in this circuit and is not applicable to this case. *United States v. Goodheim,* 651 F.2d 1294 (9th Cir.1981).