**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Hardy JONES, Defendant–Appellant.**

**No. 89–50379.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 1990.

Decided July 12, 1990.

Jay L. Lichtman, Los Angeles, Cal., for defendant-appellant.

Ellyn Lindsay, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING and PREGERSON, Circuit Judges, and ORRICK, District Judge.[*]

PER CURIAM:

Hardy Jones appeals his sentence imposed under the United States Sentencing Guidelines (U.S.S.G. or Guidelines) following his conviction by guilty plea for two counts of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a). The district court sentenced Jones to two concurrent terms of fifteen years imprisonment and five years probation.

Jones contends that the Guidelines as a whole violate due process on their face, and that the district court's application of the Guidelines' career offender provision in this case violated due process. Jones also contends that the district court erred by failing

[*] The Hon. William H. Orrick, Jr., United States District Judge for the Northern District of California, sitting by designation.

to make the fact findings required by Federal Rule of Criminal Procedure 32(c)(3)(D), and by failing to hold an evidentiary hearing to resolve factual disputes.

Judgment was entered on July 24, 1989, and Jones timely filed his notice of appeal on the same day. The district court filed a sentencing order on July 28, 1989. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

## BACKGROUND

Jones's presentence report listed three prior convictions for purposes of Guidelines § 4B1.1: (1) assault with intent to commit murder and assault with a deadly weapon on January 31, 1979; (2) robbery on September 26, 1978; and (3) robbery on November 27, 1974.[1] In his written objections to the presentence report, Jones acknowledged the 1978 robbery but contended the 1974 robbery and the 1979 assault should not be considered prior convictions under section 4B1.1. He argued: (1) that the 1979 assault conviction was not a prior conviction for a crime of violence because it was an act of self-defense in response to gang-related violence in prison; and (2) that his sentencing in 1974 was an erroneous resentencing for a 1971 conviction.

At the sentencing hearing on July 17, 1989, the district court stated: "With respect to the priors, the career offender priors, contained in paragraph 50, 56, and 58 of the presentence report, the Court finds that all priors are valid." In its sentencing order, filed eleven days later, the district court found "the challenged information within the presentence report to be factually accurate." With regard to the 1979 assault, the court stated: "The Court also rejects defendant's self-defense challenge to the conviction listed in paragraph 58 of the presentence report. That conviction, for assault with intent to commit murder, is for a crime of violence which was properly considered in classifying defendant as a career offender under § 4B1.1 of the Sentencing Guidelines." With regard to the 1974 robbery, the court stated: "Defendant's incarceration for that conviction within fifteen years of the instant offense was not the result of a judicial mistake."

## DISCUSSION

### I. Due Process Challenges

■ This court recently determined that the Guidelines do not unduly limit the sentencing court's discretion to individualize a defendant's sentence, and thus do not violate substantive or procedural due process. *United States v. Brady*, 895 F.2d 538 (9th Cir.1990). We affirm the district court's determination that the Guidelines do not violate due process either on their face or as applied in this case. *See id.* at 544.

### II. Findings Under Rule 32(c)(3)(D)

■ Jones contends that the district court did not effectively make the findings required by Federal Rule of Criminal Procedure 32(c)(3)(D) because the court lacked jurisdiction to issue the sentencing order on July 28, 1989, after Jones had filed his notice of appeal on July 24, 1989. The government contends that the district court retained jurisdiction because Jones's notice

---

1. Under section 4B1.1,

   [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

   For a defendant to be a career offender, each prior felony conviction must have resulted in a period of imprisonment that exceeded one year and one month. In addition, each prior felony conviction must have either been imposed within fifteen years of the defendant's commission of the instant offense or resulted in the defen-

   dant being incarcerated during any part of that fifteen-year period. Guidelines § 4A1.2(e); *see United States v. Sanchez–Lopez*, 879 F.2d 541, 560–61 (9th Cir.1989) (even though the Guidelines apply only to conduct occurring after November 1, 1987, convictions obtained before that date are properly considered in determining a defendant's career offender status).

   A crime of violence is a crime that "has an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.1.

of appeal was premature. Because we hold that the findings made by the district court at the sentencing hearing satisfied Rule 32, we need not reach the question whether the district court lacked jurisdiction to issue the July 28, 1989 sentencing order.

■ The Guidelines establish policy for resolving reasonable disputes over factors important to sentencing determinations. Guidelines § 6A1.3. Guidelines § 6A1.3(b) provides that the court "shall resolve disputed sentencing factors in accordance with Rule 32(a)(1), Fed.R.Crim.P." Federal Rule of Criminal Procedure 32(c)(3)(D) "helps to ensure that due process is achieved at sentencing." *United States v. Kerr*, 876 F.2d 1440, 1445 (9th Cir.1989) (citing *United States v. Messer*, 785 F.2d 832, 834 (9th Cir.1986)). The Rule requires that if the defendant alleges any factual inaccuracy in the presentence report, the court shall "make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Fed.R.Crim.P. 32(c)(3)(D); *see Kerr*, 876 F.2d at 1445–46. When a defendant challenges the factual accuracy of a presentence report, strict compliance with the Rule is required. *United States v. Fernandez–Angulo*, 897 F.2d 1514, 1516 (9th Cir.1990) (*en banc*); *United States v. Pettito*, 767 F.2d 607, 609–10 (9th Cir.1985).

Here we determine whether the district court's oral findings at the sentencing hearing complied with Rule 32. We hold that the district court did not violate the rule in this case.

■ At the hearing, the district court made findings that the 1979 assault conviction and the 1974 robbery conviction were "valid" prior convictions for purposes of section 4B1.1.[2] Jones' assertion that he

had a defense to the 1979 assault to which he pled guilty was invalid as a matter of law; he pled guilty to assault, and may not now assert a defense to that assault charge. His challenge to the consideration of the 1979 conviction did not raise a reasonable factual dispute. The district judge, therefore, was not required to make a finding under Rule 32 other than the finding he did make that the conviction was validly considered in determining whether Jones was a career offended under the Guidelines. Further, and also because Jones did not raise a reasonable factual dispute, no evidentiary hearing was necessary under Federal Rule of Criminal Procedure 32(c)(3)(A).

Other contentions raised by Jones are equally without merit. For these reasons, the judgment of the district court is AFFIRMED.

---

**2.** Jones has made no argument against considering the 1978 robbery conviction in determining career offender status. Under section 4B1.1, a defendant is a career offender if, inter alia, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Because we conclude that the district court properly considered

the 1979 assault conviction in determining that Jones was a career offender, and because that felony and the 1978 robbery conviction are an adequate basis of the finding that Jones is a career offender, we need not consider Jones' challenge to the district court's consideration of the 1974 robbery conviction.