943 F.2d 56
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David HOLDER, Defendant-Appellant.
 No. 90-10629.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.*
Decided Sept. 10, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Holder appeals his sentence, imposed under the United States Sentencing Guidelines (Guidelines or U.S.S.G.), following his guilty plea to possession of a document making implement with intent to produce false identification documents in violation of 18 U.S.C. § 1028(a)(5). Holder claims the district court improperly increased his base offense level based on unsupported findings that his crime involved more than minimal planning or a scheme to defraud more than one victim and caused losses in excess of $20,000. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 Facts[1]
 
 3
 FBI agents arrested Holder's nephew, Michael Yancey, when Yancey attempted to cash a counterfeit check using a false identification card. Yancey told the FBI that, in order to cash checks he received from a person known as "Mark" in Sacramento, he and his uncle had produced numerous false identification documents using equipment they had rented in Walnut Creek. Agents found nine more false identification cards, fifteen more counterfeit checks, and numerous receipts for expensive camera equipment in Yancey's car.
 
 
 4
 A search of Holder's residence revealed a personal computer and a wordprocessor typewriter recently purchased with counterfeit checks as well as printed instructions on how to produce false identification documents. When he was arrested, Holder admitted that he had produced 200 false identification cards, and offered to provide the FBI with information concerning a major counterfeit check cashing ring. Agents later recovered three automobiles purchased with false identification documents and bad checks. The FBI believes other participants remain at large.
 
 Discussion
 
 5
 We review "de novo a district court's application of the Sentencing Guidelines." United States v. Lockard, 910 F.2d 542, 543 (9th Cir.1990) (citation omitted). "The guidelines allow the judge to calculate the offense level by the 'estimated, probable or intended loss.' " United States v. Wills, 881 F.2d 823, 827 (9th Cir.1989) (citing U.S.S.G. § 2F1.1); United States v. Wilson, 900 F.2d 1350, 1355 (9th Cir.1990). The information contained in a presentence report is considered accurate unless the defendant raises a reasonable factual dispute. United States v. Jones, 907 F.2d 929, 931 (9th Cir.1990) (per curiam).
 
 
 6
 Here, the district court increased Holder's sentence pursuant to U.S.S.G. §§ 2F1.1(b)(1)(E) and 2F1.1(b)(2)(A), adopting the presentence report's findings that his crime had caused losses in excess of $20,000, and involved more than minimal planning or a scheme to defraud more than one victim. Holder argues that these adjustments were not warranted because the evidence shows only that he produced false documents, not that he intended to defraud anyone or to profit from doing so. We disagree.
 
 
 7
 Holder knowingly produced 200 pieces of false identification. These documents had no legal purpose and it was probable that their illegal use would cause losses in excess of $20,000. We hold, therefore, that the loss-related adjustment was proper. See Wills, 881 F.2d at 887; U.S.S.G. § 2F1.1, comment. n. 7. Moreover, Holden's claim that he did not intend for this scheme to affect more than one victim does not present a reasonable challenge to the presentence report. Thus, the record amply supported the victim adjustment. See Jones, 907 F.2d at 931. We discern no error in the district court's application of the Guidelines to these facts. See Lockard, 910 F.2d at 543.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This statement of facts is taken from the presentence report. See ER 3-20