967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Delbert CRAWFORD, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-36111.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 19, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Delbert Crawford, a federal prisoner, appeals pro se the denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Crawford contends that his conviction for conspiracy to possess a firearm and firearm possession by a felon is invalid because his prior convictions were not felonies within the meaning of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 2253, and we affirm.[1]
 
 
 3
 Crawford's prior convictions were Idaho state court convictions for burglary, perjury, and robbery. After he served the sentences for these prior convictions, his civil rights were restored under Idaho law. See Idaho Code § 18-310(2). On October 16, 1984, he was convicted of one count of conspiracy to possess a firearm, in violation of 18 U.S.C. § 371, and two counts of firearm possession by a felon, in violation of 18 U.S.C. app. § 1202(a)(1) (1982) (repealed Nov. 16, 1986).
 
 
 4
 Before 1986, section 1202(a)(1) prohibited firearm possession by any person "who has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony." 18 U.S.C. app. § 1202(a)(1). 18 U.S.C. § 922(h)(1) prohibited firearm possession by any person "who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." The determination whether a defendant had been convicted of a felony under section 1202(a)(1) or 922(h)(1) was a question of federal law rather than state law, and so a conviction that had been expunged under state law still was a predicate conviction under these sections. Dickerson v. New Banner Institute, Inc., 460 U.S. 103, 111-12 (1983); United States v. Freed, 703 F.2d 394, 395 (9th Cir.), cert. denied, 464 U.S. 839 (1983); cf. 18 U.S.C. app. § 1203 (repealed) (section 1202(a)(1) did not apply to ex-felons who had been pardoned and expressly authorized by the president or the chief executive of a state to possess firearms).
 
 
 5
 In 1986, section 1202(a)(1) was repealed and section 922 was amended to prohibit firearm possession by any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1) (1986). The determination whether a prior conviction is a predicate offense under section 922(g)(1) is made "in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20) (1986). Moreover, "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered" a predicate conviction. Id.; United States v. Dahms, 938 F.2d 131, 133 (9th Cir.1991); United States v. Gomez, 911 F.2d 219, 220 (9th Cir.1990).
 
 
 6
 Crawford contends that even though section 921(a)(20) was enacted two years after his conviction, it applies to him, and therefore his prior convictions are not predicate convictions because his civil rights have been restored under Idaho law. Section 921(a)(20) does not apply retroactively to invalidate earlier convictions under former section 1202(a)(1). United States v. Brebner, 951 F.2d 1017, 1022 (9th Cir.1991). Accordingly, Crawford's contention lacks merit.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even though Crawford has served his sentence, this case is not moot because his conviction has collateral consequences. See Feldman v. Perrill, 902 F.2d 1445, 1448 (9th Cir.1990). Moreover, he is "in custody" as required by 28 U.S.C. § 2255 because he is serving a sentence enhanced by the firearm conviction. See id. at 1448-49 (analysing custody requirement of 28 U.S.C. § 2241)