990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert G. PENROD, Petitioner-Appellant,
v.
STATE of California, Respondent-Appellee.
 No. 92-55245.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1993.*
Decided April 1, 1993.
 
 Before SCHROEDER, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Robert Penrod seeks habeas corpus relief from a sentence imposed in state court. Penrod first challenges the constitutionality of a prior conviction used to enhance his sentence under California's recidivist statute. Petitioner also alleges that California's recidivist statutes are violative of equal protection. We deny Penrod's request for relief.
 
 
 3
 In 1987, petitioner was charged with two counts of burglary, an offense considered a "serious felony" in California. As amended, the information also alleged that petitioner was convicted of a serious felony in 1969. Petitioner pleaded guilty to first degree burglary and receiving stolen property, but later filed a motion challenging the constitutionality of the 1969 conviction. Petitioner was sentenced to nine years in prison, including five years as a recidivist criminal based on the 1969 conviction. Petitioner's state appeals were denied.
 
 
 4
 Petitioner then sought a writ of habeas corpus in federal district court. Petitioner set forth three arguments for relief. First, petitioner asserted that the 1969 conviction violated the rule articulated in Boykin v. Alabama, 395 U.S. 238 (1969). Next, petitioner argued that in the absence of reversal based on Boykin, he was entitled to relief because his 1969 guilty plea was not voluntary. Finally, petitioner asserted that he was denied equal protection because of inconsistencies in California's recidivist enhancement scheme. The district court, adopting the findings of the magistrate, denied petitioner's writ.
 
 
 5
 I. Is Petitioner's Prior Conviction Constitutionally Infirm?
 
 
 6
 In Boykin, the Supreme Court held that a guilty plea is invalid "without an affirmative showing that it was intelligent and voluntary." Boykin, 395 U.S. at 242. The Court stated that waiver of constitutional rights may not be presumed from a silent record. Id. at 243. Petitioner alleges that his 1969 conviction violated Boykin and thus was impermissibly used to enhance his sentence for the 1987 conviction.
 
 
 7
 The threshold question is whether Boykin applies to petitioner's 1969 conviction. Boykin was decided approximately six months after petitioner's guilty plea was entered. The Ninth Circuit held not long after Boykin that Boykin 's mandate was not to be applied retroactively. Moss v. Craven, 427 F.2d 139, 140 (9th Cir.1970); but see United States v. Freed, 703 F.2d 394, 395 (9th Cir.) ("This circuit has applied Boykin retroactively.") (citing United States v. Goodheim, 651 F.2d 1294 (9th Cir.1981), cert. denied, 464 U.S. 839 (1983)). Nonetheless, the question Penrod asks is somewhat different: whether the state may rely on an involuntary pre-Boykin conviction as the basis for sentence enhancement. We believe it is unnecessary to reach this question because the record indicates that petitioner's plea was knowing and voluntary.
 
 
 8
 A guilty plea must "represent[ ] a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1974). The record demonstrates that this test was satisfied. The magistrate found that petitioner's 1969 plea was voluntary and intelligent. Presuming the correctness of state court findings in federal habeas proceedings, see 28 U.S.C. § 2254(d), the magistrate relied on the California Court of Appeal's opinion and the transcript of the 1988 hearing regarding the 1969 conviction. The California Court of Appeal stated that petitioner "acknowledged he was represented by counsel and aware of his constitutional rights." That court also found that petitioner "was aware of his right to a jury trial, that he knew if he pled guilty he would not have a jury trial and would not be able to call witnesses, and that he understood he was giving up the right to remain silent."
 
 
 9
 Petitioner contends that the hearing held by the California trial court in 1988, despite showing that petitioner knew of his constitutional rights at the time, was inadequate because it did not show that petitioner considered those rights at the time of the guilty plea. However, petitioner admits that he was aware of his rights at the time of the plea because of his general knowledge of the law.
 
 
 10
 Further, the Ninth Circuit has stated that the constitutional rights enumerated in Boykin need not be expressly waived by the defendant in order to uphold a guilty plea. Wilkins v. Erickson, 505 F.2d 761, 763 (9th Cir.1974); see also United States v. McWilliams, 730 F.2d 1218, 1223 (9th Cir.1984) (opinion of Schroeder, J.) ("No particular ritual or showing on the record is required."); Freed, 703 F.2d at 395 ("We have held that Boykin does not require specific articulation of the rights being waived by a guilty plea."). This is so "as long as the record indicates that the plea was entered voluntarily and understandingly." Rodriguez v. Ricketts, 798 F.2d 1250, 1254 (9th Cir.1986), cert. denied, 479 U.S. 1057 (1987). We believe that the record here supports the finding that the plea was voluntary.
 
 
 11
 II. Do California's Recidivist Statutes Violate Equal Protection?
 
 
 12
 Petitioner's second argument is that California's recidivist statutes, Penal Code § 667 and § 667.5, contain an impermissible legislative distinction between what he terms "recent prior offenders" and "remote prior offenders." We decline to reach this issue because we hold that petitioner lacks standing to challenge the portion of the statute he alleges violates equal protection.
 
 
 13
 In pertinent part, § 667 states that "any person convicted of a serious felony who previously has been convicted of a serious felony in this state ... shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." Cal.Pen.Code § 667(a).
 
 
 14
 Section 667.5 states, in pertinent part, that:
 
 
 15
 Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows: (a) Where one of the new offenses is one of the violent felonies specified [below] ... the court shall impose a three-year term for each prior separate prison term served by the defendant where the prior was one of the violent felonies specified [below].[1]
 
 
 16
 However, under § 667.5, no enhancement may be imposed "for any prison term served prior to a period of 10 years in which defendant remained free of both prison custody and the commission of an offense which results in a felony conviction." Id.[2] Section 667.5 thus has a "washout" provision for those violent felonies that occurred ten years or more prior to the present offense for which the defendant is being sentenced. It is upon this washout provision that petitioner bases his equal protection argument.
 
 
 17
 Petitioner's sentence was enhanced pursuant to § 667 because he is a serious felon. Petitioner does not dispute that he comes within the language of this section. Rather, petitioner argues that it is constitutionally impermissible for California to calculate enhancement based entirely on the date of the prior offense. Specifically, petitioner points out that a violent felon that meets the requirements of the ten-year "washout" provision of § 667.5 is treated differently than a violent felon sentenced for the same offense pursuant to § 667.
 
 
 18
 Although this may be true, the distinction does not affect petitioner. Petitioner is a serious felon--not a violent felon. Petitioner thus does not fall within the group of felons that he alleges is subject to the impermissible legislative distinction. Petitioner therefore lacks standing to challenge the statute.
 
 
 19
 Accordingly, the writ is DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Violent felonies form a subset of serious felonies
 
 
 [2]
 Section 667.5(b) also provides for a one-year enhancement for non-violent felonies and has a similar washout period if the felon was free from prison for five years