12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin L. ROBINSON, Defendant-Appellant.
 No. 92-10408.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1993.*
Decided Nov. 18, 1993.
 
 Before: GOODWIN, SNEED, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Calvin L. Robinson was convicted of various drug offenses following a jury trial at which he elected to proceed pro se. We affirmed this conviction in 913 F.2d 721 (9th Cir.1990), cert. denied, 498 U.S. 1104 (1991), but remanded to the district court for resentencing with court-appointed counsel present. Robinson now appeals his sentence. We affirm.
 
 
 3
 Robinson's conviction arose from his attempt to import forty-three tons of hashish and thirteen tons of marijuana into this country by sea.[1] As part of this smuggling operation, he modified a sea-going barge so that it could carry hashish and marijuana in secret compartments. With the help of a crew of various family members, including his son, stepson and nephews, he captained this barge by tugboat into San Francisco Bay. The cargo of marijuana and hashish found aboard his barge had an estimated wholesale value in excess of $54,000,000.00. Because of the quantity of contraband involved, Robinson's role as the managing person in the conspiracy, and Robinson's extensive criminal record, the District Court sentenced him to life in prison and a fine of $4,000,000. We find this sentence satisfies both relevant guidelines and the controlling statutes and was within the trial court's discretion.
 
 
 4
 I. Upward Adjustment for Being a Leader of a Criminal Enterprise Consisting of Five or More Participants
 
 
 5
 Robinson first contends that he should not have received an upward adjustment of four levels under Section 3B1.1(a) of the Sentencing Guidelines for being an "organizer or leader of a criminal activity that involved five or more participants." He claims the court erred in finding he was the leader of five or more participants in a criminal activity because the four family members who worked aboard the vessel were acquitted in separate trials.[2]
 
 
 6
 We find there was no error in awarding this four-level adjustment. In this circuit, a defendant can be found to have been a leader of a criminal enterprise including five or more participants even if the alleged participants were not themselves convicted. See U.S.S.G. Sec. 3B1.1, Application Note 1 (providing that a "participant" is a "person who is criminally responsible for the commission of the offense, but need not have been convicted"); United States v. Helmy, 951 F.2d 988, 997 n. 7 (9th Cir.1991), cert. denied --- U.S. ----, 112 S.Ct. 2287 (1992). The government bears the burden of proving facts sufficient to support an upward adjustment by a preponderance of the evidence. United States v. Restrepo, 946 F.2d 654 (9th Cir.1990) cert. denied 112 S.Ct. 1564 (1992) (holding this standard satisfies due process); United States v. Wilson, 900 F.2d 1350, 1353-54 (9th Cir.1990) (same).
 
 
 7
 In Robinson's case, the trial court had before it evidence of participation by numerous persons, including the family members who made up the crew of the tug and barge. While a jury found a reasonable doubt existed as to the crew's knowledge of Robinson's smuggling operation, the court could nonetheless have found that the government established their guilt under a preponderance standard. Physical evidence linked the crew members to the contraband; they were likely present when it was loaded into the barge's secret compartments.
 
 
 8
 In addition, there was evidence that other persons had helped prepare the barge and its hidden compartments. Other family members helped Robinson purchase and conceal the barge and tugboat, and someone helped him load some 56 tons of contraband at sea. Robinson's two sisters made numerous deposits totalling over a million dollars to Robinson's account and pled guilty to money laundering charges arising out of these transactions. Finally, there was evidence that Robinson had previously imported an additional 30 tons of contraband but escaped prosecution. Taken together, this evidence of the size and scope of Robinson's enterprise was more than adequate to support the four-level upward departure.
 
 II. Criminal History
 
 9
 Robinson also objects to the District Court's use of his criminal history in sentencing. He asserts constitutional defects in some of his prior sentences and argues that the government failed to produce sufficient evidence that he served time for other convictions within fifteen years of the instant offense. However, once the government proves the fact of a prior conviction, the court may consider such conviction in sentencing unless the defendant proves by a preponderance of the evidence that his conviction was constitutionally invalid. United States v. Newman, 912 F.2d 1119, 1122 (9th Cir.1990) (interpreting U.S.S.G. Sec. 4A1.2, Application Note 6). The defendant has not met this burden.
 
 
 10
 For example, with regard to his earlier conviction for receiving stolen property, Robinson claims (1) that there was insufficient evidence to show he was serving a sentence for that offense within the previous fifteen years and (2) that his attorney had a conflict of interest rendering his assistance ineffective. Yet, the government presented certified prison records showing Robinson was released from prison less than fifteen years before the instant offense. Robinson did not object to these records when they were submitted and has not produced any evidence to refute them. Nothing in the record suggests that they are inaccurate. Similarly, in response to Robinson's ineffective assistance claim, the government produced a sworn affidavit from his former attorney denying any such conflict existed. The attorney denied ever representing or speaking to the person in question. While Robinson claims this person told him of the conflict, he has failed to produce an affidavit or any evidence supporting this claim. The district court correctly considered this conviction. See United States v. McDougherty, 920 F.2d 569, 575 (9th Cir.1990) (finding that the demands of due process were met where the government established the defendant's prior convictions by submitting copies of his conviction records and the defendant did not contest the fact of conviction).
 
 
 11
 Robinson also claims that the sentencing judge in two 1976 counterfeiting convictions failed to advise him of his rights in accordance with Boykin v. Alabama, 395 U.S. 238 (1969) and Fed.R.Crim.P. 11. According to Robinson, the United States District judge who took his guilty plea did not question him, and he did not personally enter his plea or waive his rights. Since the reporter's notes for both alleged pleas are unavailable, he claims that the record is "silent" as to the constitutionality of his plea and that this court must reverse under Boykin, 395 U.S. at 243 (the court "cannot presume waiver of ... important Federal rights from a silent record") and United States v. Pricepaul, 540 F.2d 417, 424 (9th Cir.1976) (requiring an evidentiary hearing at which the government would have the burden to prove that the plea-taking was constitutional where "the minute record of his prior California conviction .. did not affirmatively disclose that the rights protected by Boykin were voluntarily and intelligently waived and no other record was introduced").
 
 
 12
 These claims are not persuasive. Unlike the Pricepaul court, we are not confronted with a silent record;[3] the minute record of both pleas indicates that the defendant was "sworn and questioned as to his understanding and the voluntary nature of the plea." Moreover, the government submitted an affidavit from the sentencing judge indicating that although the judge does not remember Robinson's sentencing in particular, it was his custom to comply with Boykin 's requirements. See, e.g., United States v. Freed, 703 F.2d 394, 395 (9th Cir) cert. denied 464 U.S. 839 (1983) (testimony of district attorney and defense counsel that trial judge "consistently followed a practice of painstakingly probing a defendant's understanding of the consequences and meaning of a guilty plea" was sufficient); United States v. Goodheim, 686 F.2d 776, 777-78 (9th Cir.1982) (evidence of both the trial court and former defense attorney's practice with regard to guilty pleas and signed jury waiver sufficient). Finally, Robinson was represented by counsel on both occasions and has failed to produce any evidence to rebut the judge's statement or the court record.
 
 
 13
 Evidence of Robinson's criminal history was well documented in the record. Even if we disregard these particular priors, no sapient sentencing judge could fail to find that Robinson was a professional criminal. His effort at this time to launch collateral attacks upon certain of his early convictions attests to the industry and diligence of the counsel appointed for the sentencing, but reveals nothing requiring reversal.
 
 III. Rule 32(c)(3)(D)
 
 14
 Robinson also argues we should reverse because the court failed to make findings of fact as required by Fed.R.Crim.P. 32(c)(3)(D). This rule provides that if the defendant alleges any "factual inaccuracy in the presentence investigative report ... the court shall ... make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." District courts must strictly comply with these requirements. United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc).
 
 
 15
 Nonetheless Robinson's claims are without merit. The district court did issue written findings after sentencing. These findings and the court's comments are sufficient to satisfy Rule 32 and applicable case law. See, e.g., United States v. Kimball, 975 F.2d 563, 567 (9th Cir.1992) cert. denied 113 S.Ct. 1276 (1993) (defendant making a 32(c)(3)(D) challenge must do more than make a "bare allegation" that testimony given at trial is false; he must offer to put on some evidence in support of his claims); United States v. Powell, 932 F.2d 1337 (9th Cir.1991) cert. denied 112 S.Ct. 256 (1991) (trial court's conclusory statements sufficient); United States v. Jones, 907 F.2d 929 (9th Cir.1990) (Rule 32 does not require the court to make factual findings where the defendant's argument is insufficient as a matter of law). Robinson's claim that United States v. Lanese, 890 F.2d 1284 (2nd Cir.1989) requires the district court to make specific findings as to who was involved in Robinson's criminal enterprise is without merit. In that case, the Second Circuit was unable to determine from the court's findings whether there was sufficient evidence that five or more persons were involved in the defendant's criminal enterprise. Here, we have no such difficulty. The evidence amply supports this finding.
 
 IV. Evidentiary Hearing
 
 16
 Robinson also claims that the District Court should have held an evidentiary hearing to resolve disputed factual issues under Fed.R.Crim.P. 32(c)(3)(A). He claims he was unable to present evidence refuting the presentencing report with regard to his prior convictions and status as leader of a criminal enterprise involving five participants because of the court's failure to hold a hearing.
 
 
 17
 These arguments are not persuasive. Most of the cases Robinson cites provide that a court may hold such a hearing if it is needed to allow the defendant to refute erroneous facts. See e.g., United States v. Fatico, 603 F.2d 1053, 1057 n. 9 (2nd Cir.1979). Whether such a hearing is required depends on the facts of the case. United States v. Pettico, 767 F.2d 607 (9th 1985). Since Rule 32(c)(A) gives trial courts discretion to decide whether such hearings are necessary,[4] this court reviews a failure to hold such hearings for abuse of discretion. United States v. Harrison-Philpot, 978 F.2d 1520, 1525 (9th Cir.1992).
 
 
 18
 Here, the defendant had numerous opportunities to object to the presentencing report and present evidence in support of his claims. Before sentencing, he filed two statements pursuant to Rule 32(a)(1)(C), including exhibits, as well as a thirty-seven page objection to the presentencing report and sentencing memorandum. At sentencing, the district court repeatedly asked counsel whether there were any other documents which should be placed before the court before sentencing. Counsel made oral argument and defendant himself exercised his right of allocution. In light of the government's evidence and Robinson's failure to offer evidence refuting their claims, we cannot find that the trial court abused its discretion in failing to hold an evidentiary hearing before sentencing. United States v. Upshaw, 918 F.2d 789, 791 (9th Cir.1990), cert. denied 498 U.S. 1104 (1991) (finding no abuse of discretion where court failed to allow defendant to testify or hearing oral argument where defense counsel was given the opportunity to make a written submission); United States v. Baker, 897 F.2d 1083, 1084 (9th Cir.1990).
 
 V. Life Sentence
 
 19
 Finally, Robinson claims that the court engaged in impermissible double counting in imposing the maximum sentence within the guidelines. According to Robinson, the court decided to impose the maximum sentence within the guidelines on the basis of factors which he had already taken into account in calculating the applicable guidelines. He argues we should reverse because this constitutes impermissible double counting.
 
 
 20
 This argument is also without merit. First, Robinson's claims of double counting are weak at best. He argues that the trial court already took into account the amount of contraband because the base offense level imposes a certain number of points for possessing more than 2,000 kilograms of hashish. Yet, as the government points out, Robinson possessed more than nineteen times the amount of contraband required to receive this base offense level. We are not convinced that the court necessarily double counted by imposing a sentence within the applicable guidelines because of this excess. Robinson also argues that the court erred in considering Robinson's decision to involve other family members both in determining upward departures and in imposing a high sentence within the guidelines.
 
 
 21
 However, we have no jurisdiction to review the court's selection of a sentence within the applicable guidelines. Williams v. United States, --- U.S. ----, 112 S.Ct. 1112, 1121 (1992) ("The selection of the appropriate sentence from within the guideline range ... [is] left solely to the sentencing court") (citing USSG Sec. 5k2.0 p.s.); United States v. Reed, 914 F.2d 1288 (9th Cir.1990). The cases from other circuits which Robinson cites to the contrary address departures from the guidelines or calculations of the guidelines, not selections of sentence length within the guidelines.[5]
 
 
 22
 Robinson's other claims are unsupported by law or evidence. The sentence was authorized by statute and was within the relevant sentencing guidelines. Its length is the result of Robinson's own machinations, and is not in any sense the result of the court's failure to follow the law.
 
 
 23
 Affirmed.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Robinson was convicted of a total of six counts (1) conspiracy to import marijuana and hashish in violation of 21 U.S.C. 963; (2) aiding and abetting importation of marijuana and hashish, 21 U.S.C 952, 18 U.S.C. 2; (3) conspiracy to distribute and posses with intent to distribute marijuana and hashish 21 U.S.C. 846; (4) aiding and abetting possession with intent to distribute marijuana and hashish, 21 U.S.C. 841(a)(1), 18 U.S.C. 2; and (5) & (6) aiding and abetting interstate transportation in aid of a racketeering enterprise, 18 U.S.C. 1952(a)(3), 18 U.S.C. 2
 
 
 [2]
 They claimed Robinson had mislead them as to the boat's cargo
 
 
 [3]
 Even if we were confronted with a silent record, contrary to defendant's claims, Pricepaul would not mandate automatic reversal. The case merely held that where the record is silent, the burden of proving compliance with constitutional requirements shifts to the government. Accord, Newman, 912 F.2d at 1122 n. 3
 
 
 [4]
 Fed.R.Crim.P. 32(c)(3)(A) provides that the court "shall afford the defendant and his counsel an opportunity to comment on the [presentencing] report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it."
 
 
 [5]
 Robinson cites United States v. Conception, 983 F.2d 369 (2nd Cir.1992); United States v. Werlinger, 894 F.2d 1015, 1017 (8th Cir.1990) and United States v. UCA, 867 F.2d 783 (3rd Cir.1989), all of which concern departures from sentencing guidelines or double counting in calculating the applicable guidelines rather than the imposition of sentences within the guidelines. He also cites United States v. Lloyd, 947 F.2d 339 (8th Cir.1990) and United States v. Fairman, 947 F.2d 1479, 1482 (11th Cir.1991), which are inapplicable