26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patten George KAUWE, Jr., Defendant-Appellant.
 No. 93-10215.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Submission Deferred May 11, 1994.
Resubmitted May 31, 1994.
Decided June 2, 1994.
 
 1
 Before: FARRIS, BEEZER, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Patten George Kauwe, Jr. appeals his jury conviction and sentence under the Armed Career Criminals Act and the Sentencing Guidelines for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. Sec. 922(g)(1). We have jurisdiction of Kauwe's timely appeal pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742(a). We affirm.
 
 
 4
 * The trial court, on conflicting testimony, found as a fact that the shed erected on property belonging to Kauwe was not a house. Substantial evidence in the record supports the finding. It therefore was not clearly erroneous. Our de novo review of the court's conclusion that Kauwe had no reasonable expectation of privacy in the shed and its surrounding area is the only reasonable conclusion under the facts as found by the court. Kauwe lacked standing to challenge a search on Fourth Amendment grounds. See United States v. Traynor, 990 F.2d 1153, 1156-57 (9th Cir.1993); United States v. Lingenfelter, 997 F.2d 632 (9th Cir.1993); United States v. Kovac, 795 F.2d 1509, 1510 (9th Cir.1986), cert. denied, 479 U.S. 1065 (1987).
 
 
 5
 Kauwe does not contest other findings but contends that other factors not considered by the court should have shifted the balance. Even if accepted as true, the additional evidence referred to by Kauwe is of no consequence. See United States v. Dunn, 480 U.S. 294, 301 (1987).
 
 II
 
 6
 The district court enhanced Kauwe's sentence for his section 922(g) conviction under the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e)(1). It found that he had three prior violent felony convictions. Kauwe challenges the holding by alleging that he had not been informed of his right to confront witnesses, to cross-examine witnesses and his right against self-incrimination for the three guilty pleas entered on those convictions.
 
 
 7
 We review de novo the district court's determination as to whether Kauwe's state court convictions may serve as the third predicate offense under the ACCA. United States v. Mulloy, 3 F.3d 1337, 1339 (9th Cir.1993); United States v. Potter, 895 F.2d 1231, 1235 (9th Cir.), cert. denied, 497 U.S. 1008 (1990). We review the district court's factual findings for clear error. United States v. Butcher, 926 F.2d 811, 817 (9th Cir.), cert. denied, 500 U.S. 959 (1991).
 
 
 8
 A conviction is constitutionally invalid if the defendant pleads guilty without waiving her rights to a jury trial, to confront witnesses against her, to remain silent, to cross-examine witnesses, and against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 242 (1969). If the defendant is not informed of those constitutional rights, the guilty plea cannot be deemed intelligent and voluntary. United States v. Freed, 703 F.2d 394, 395 (9th Cir.), cert. denied, 464 U.S. 839 (1983).
 
 
 9
 However, defendants seeking to collaterally attack state court convictions based on allegedly unconstitutional guilty pleas must overcome the "presumption of regularity" which attaches to final judgments. Parke v. Raley, 113 S.Ct. 517, 523 (1992). In Mulloy, we held that, after Parke, courts could no longer presume the constitutional invalidity of guilty pleas where the record was silent in the context of collateral attacks on state court convictions used for sentencing purposes under the ACCA. Mulloy, 3 F.3d at 1139-49. Thus, the burden is on Kauwe to affirmatively demonstrate that his prior convictions are invalid to bar their use for sentence enhancement under the ACCA. Id.
 
 
 10
 Kauwe argues that 1) there is no mention of the rights of confrontation, cross-examination and against self-incrimination on any of the three guilty plea forms he filled out; 2) the courtroom minutes do not record advisement of those constitutional rights; 3) the prosecutor in his state convictions testified that Judge Ogata rarely deviated from the printed forms used in processing guilty pleas; and 4) he personally testified that he did not recall having been advised of his rights to confrontation, cross-examination, and against self-incrimination at the time he signed the guilty plea forms.
 
 
 11
 Kauwe fails to sustain his burden. Mulloy rejected Boykin 's presumption of invalidity where the record is silent. Mulloy, 3 F.3d at 1340-41. The district court found Kauwe's testimony "self-serving and of questionable credibility." Moreover, Kauwe was twenty-four years old when he plead guilty to the three state offenses. He stated at the time that he had spoken extensively with his lawyers and that he understood the consequences of his actions. His prior convictions were based on knowing and intelligent waivers of his constitutional rights. The sentencing enhancement under the ACCA and the Sentencing Guidelines was appropriate.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4; Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3