**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Glenn Demon CARR, Defendant–
Appellant.**

No. 94–30284.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1995.

Decided May 22, 1995.

John S. Ransom, Ransom, Blackman & Weil, Portland, OR, for defendant-appellant.

Frank Noonan, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

Before: BROWNING, REAVLEY,* and NORRIS, Circuit Judges.

PER CURIAM:

Glenn Demon Carr was convicted of possession with intent to distribute 66.92 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Because Carr had been convicted of two prior felony controlled substance offenses, the district court enhanced his base offense level to 34 under the career offender

* The Honorable Thomas M. Reavley, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

provision of the United States Sentencing Guidelines, § 4B1.1. The adjustment was based on two offenses to which Carr pled guilty in 1985: (1) sale of a "nickel baggie" of marijuana for $5, and (2) sale of .26 grams of cocaine for $25. Despite the small quantities involved in the prior offenses, the district court refused to grant a downward departure and sentenced Carr to 262 months, the low end of the guideline range.[1]

Carr argues that, as applied to his case, § 4B1.1 violates the Eighth Amendment and the Due Process Clause because its 30–year mandatory minimum is grossly disproportionate to the seriousness of his prior offenses. We have not previously addressed whether an application of the guidelines' career offender provision that is disproportionate to the offenses involved may violate the Eighth Amendment's Cruel and Unusual Punishment Clause. *See United States v. Reyes,* 8 F.3d 1379, 1385–86 n. 14 (9th Cir. 1993); *see also id.* at 1393–94 (Brunetti, J., dissenting).

We conclude that Supreme Court precedent forecloses Carr's Eighth Amendment argument. *See Harmelin v. Michigan,* 501 U.S. 957, 961, 996, 111 S.Ct. 2680, 2684, 2702, 115 L.Ed.2d 836 (1991) (plurality opinion) (upholding against an Eighth Amendment challenge a sentence of life without parole for a first offense of possession of 672 grams of cocaine); *Hutto v. Davis,* 454 U.S. 370, 370–71, 375, 102 S.Ct. 703, 703–04, 706, 70 L.Ed.2d 556 (1982) (rejecting a challenge to a 40–year sentence for possession of less than nine ounces of marijuana); *Rummel v. Estelle,* 445 U.S. 263, 265, 100 S.Ct. 1133, 1134, 63 L.Ed.2d 382 (1980) (upholding a life sentence imposed under a "recidivist statute"

where the three felonies involved were (1) passing a forged check for $28.36, (2) fraudulently using a credit card to obtain $80 worth of goods and services, and (3) obtaining $120.75 by false pretenses). Although harsh, Carr's sentence was less severe relative to his offenses than the sentences upheld in these cases—certainly less than in *Rummel.*

 Accordingly, we follow a number of cases in other circuits [2] and hold that, under the circumstances of this case, Carr's sentence was not so disproportionate to the gravity of his offenses as to violate the Eighth Amendment. We also reject Carr's contention that § 4B1.1 violates due process. *See United States v. Spencer,* 25 F.3d 1105, 1112 (D.C.Cir.1994) (citing *United States v. Jones,* 907 F.2d 929, 930 (9th Cir.1990)).[3]

AFFIRMED.

---

1. We have held that the district court may grant a discretionary downward departure from a sentence enhanced pursuant to § 4B1.1 on the ground that the career offender provision does not adequately take into account "the disproportionate treatment of drug offenders sentenced to the same penalty range for offenses involving drug quantities of exceptionally different orders of magnitude." *United States v. Reyes,* 8 F.3d 1379, 1385 (9th Cir.1993).

Carr argues that the district court erred by not considering this basis for departure. It is clear, however, that the sentencing judge was aware of her authority to depart downward on the ground that Carr's offense level overrepresented his

criminal history. Her refusal to grant such a departure is not reviewable on appeal. *United States v. Morales,* 898 F.2d 99, 101–03 (9th Cir. 1990).

2. *See, e.g., United States v. Spencer,* 25 F.3d 1105, 1111 (D.C.Cir.1994); *United States v. Garrett,* 959 F.2d 1005, 1009 (D.C.Cir.1992); *United States v. Gordon,* 953 F.2d 1106, 1107 (8th Cir.1992); *United States v. McLean,* 951 F.2d 1300, 1303–04 (D.C.Cir.1991).

3. The issues raised by Carr are dealt with in a separate unpublished memorandum disposition.