

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2006

# USA v. Duarte

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4662

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Duarte" (2006). *2006 Decisions.* Paper 1600.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1600

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 03-4662

_____

UNITED STATES OF AMERICA

v.

CARLOS DUARTE,
a/k/a CARLOS QUARTES,
a/k/a MOSES SANCHEZ,
a/k/a MOISES SANCHEZ

Carlos Duarte,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00422-2)
District Judge: Honorable Herbert J. Hutton

_____

Submitted Under Third Circuit LAR 34.1(a)
on November 7, 2005

BEFORE:  ROTH, FUENTES and GARTH, <u>Circuit Judges</u>,

(Opinion Filed February 13, 2006)

_____

OPINION

_____

**ROTH**, Circuit Judge:

Carlos Duarte pled guilty to conspiracy to distribute cocaine and more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 846 (Count One); distribution and aiding and abetting the distribution of approximately 59.67 grams of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2 (Count Two); and distribution and aiding and abetting the distribution of more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2 (Counts Three, Four, and Five). Under the United States Sentencing Guidelines (Guidelines), Duarte's total offense level of 33, with a criminal history category of III, produced a sentencing range of 168 to 210 months. Pursuant to the Guidelines, the District Court imposed a 168-month prison term, five years of supervised release, and a $500 special assessment.

Duarte's counsel has filed an appeal pursuant to Anders v. California, 386 U.S. 738 (1967), citing lack of non-frivolous appealable issues. He also filed a motion to withdraw. Duarte was notified of his right to file a *pro se* brief and he did so. For the reasons stated below, we will deny defense counsel's motion to withdraw, affirm Duarte's judgment of conviction, vacate his judgment of sentence, and remand for resentencing consistent with United States v. Booker, 125 S.Ct. 738 (2005).

2

I.

The District Court had jurisdiction under 18 U.S.C. §3231. We have jurisdiction in accordance with 18 U.S.C. § 3742 and 28 U.S.C. § 1291. Moreover, in his plea agreement, Duarte specifically preserved for appeal issues of sentence legality and voluntariness of his guilty plea.[1]

II.

In this appeal, pursuant to Anders v. California, 386 U.S. 738 (1967), defense counsel advises that there are no non-frivolous issues that can be raised on Duarte's behalf. Under the mandate established in Anders, we have conducted an independent examination of the record before us in order to determine whether it presents any non-frivolous issue. We conclude that it does not.

III.

In his *pro se* informal brief, Duarte contends that his guilty plea was not made intelligently and voluntarily. He claims that he was given ineffective assistance by counsel who "was almost forcing [him] to plead guilty," and that, during the colloquy, Duarte did not understand the questions asked of him. The record, however, does not support Duarte's arguments.

"[A] guilty plea is more than an admission of conduct; it is a conviction." Boykin

---

[1] The appellate waiver provision stated: "I understand that if I plead guilty, the only right of appeal I may have would be to challenge the jurisdiction of the court, the voluntariness of my guilty plea, and the legality of any sentence imposed." Guilty Plea Agreement, Acknowledgment of Rights ¶ 6.

v. Alabama, 396 U.S. 238, 242 (1969).  A district judge who accepts a guilty plea must engage the defendant in an on-record colloquy designed to demonstrate that the defendant is fully aware of the important federal trial rights waived by pleading guilty and that the guilty plea is made intelligently and voluntarily.  Id. at 242-43;  FED. R. CRIM. P. 11. Reversible error occurs when the record does not disclose a voluntary and intelligent guilty plea.  Id. at 244.  The burden is on the defendant to establish by a preponderance of evidence that his guilty plea was not voluntary and intelligent.  See United States v. Carter, 619 F.2d 293 (3d Cir. 1980); United States v. Stewart, 977 F.2d, 81, 85 (3d Cir. 1992).

Duarte has failed to establish by a preponderance of evidence that his guilty plea was not made voluntarily and intelligently.  Duarte has not put forth any evidence in support of this claim.  Our examination of the record indicates that Duarte's guilty plea was made voluntarily and intelligently.  During the guilty plea colloquy, the District Judge, with the assistance of an interpreter and Duarte's counsel, determined that Duarte understood the nature of the charges, the potential prison sentence, and that he was satisfied with his counsel's advice and representation.  The judge also explained to Duarte his right to plead not guilty, his right to counsel, his trial rights which he was giving up by pleading guilty, and the limitations on his appellate rights in light of his guilty plea.  The District Court determined from Duarte's own words, and from the prosecutor, that there was a factual basis for the guilty plea.  Therefore, reversible error does not exist, and

4

Duarte's guilty plea was valid.

In his informal brief, Duarte also argues that his sentence was too long, that the district court erroneously failed to make certain findings of fact, and that ineffective assistance of counsel led to Duarte's failure to assert certain arguments. In particular, Duarte argues that the District Court failed to ensure that (1) alcoholism was not a fact that compelled him to commit the crimes, (2) his lack of education and job skills contributed to his committing the crimes, and (3) he was not tricked into a conspiracy to distribute drugs because of his being a foreigner with little or no ability to speak English. Duarte also argues that these three issues were not advocated on his behalf by counsel.

We will not address Duarte's assertions of ineffective assistance of counsel on this direct appeal. These claims are better considered on collateral review. See United States v. Thornton, 327 F.3d 268 (3d Cir. 2003).

Although Duarte has not expressly raised a Booker challenge in this appeal, we will nonetheless proceed as though that challenge was made.[2] United States v. Urban, 505 F.3d 754, 783 n.12 (3d Cir. 2005) ("We will vacate the sentences of Appellants . . . even though they have not expressly indicated that they wish to challenge their sentences under *Booker*."). A defendant's Booker claim, asserted for the first time on appeal, is subject to plain error review. United States v. Davis, 407 F.3d 162, 164-65 (3d Cir.

---

[2] We will treat Duarte's letter to the Clerk's Office requesting an extension to file a Booker brief as a response to the Clerk's order permitting a Booker brief to be submitted, considering that defense counsel failed to respond to the Clerk's order.

2005).  Where, as here, the district court imposed sentence and treated the "Guidelines as mandatory rather than advisory," the defendant's claim survives scrutiny under plain error review.  Davis, 407 F.3d at 164.  In these circumstances, "we will decide claims of error related to the conviction, vacate the sentence, and remand for consideration of the appropriate sentence by the District Court in the first instance."  Id. at 166.  Therefore, we will vacate Duarte's sentence and remand for resentencing.  Because this case is being remanded for resentencing, we will deny counsel's motion to withdraw.

IV.

For the reasons stated, we will deny defense counsel's motion to withdraw, affirm the judgment of conviction, vacate the judgement of sentence, and remand this case for resentencing in accordance with Booker.