NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-1189

_____

UNITED STATES OF AMERICA

v.

JERMAINE DAWKINS,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-09-cr-00582-001)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2012

Before:  FISHER and GREENAWAY, JR., *Circuit Judges*, and JONES,* *District Judge*.

(Filed: March 6, 2012)

_____

OPINION OF THE COURT

_____

*The Honorable John E. Jones, III, District Judge for the United States District
Court for the Middle District of Pennsylvania, sitting by designation.

FISHER, *Circuit Judge*.

Jermaine Dawkins appeals from the judgment of conviction and sentence entered in the United States District Court for the District of New Jersey. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel for Dawkins filed an *Anders* brief and motioned for leave to withdraw. For the reasons discussed below, we will affirm the judgment of the District Court and grant defense counsel's motion to withdraw.

**I.**

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Following a grand jury investigation, Dawkins was charged with two counts of bank robbery in violation of 18 U.S.C. § 2113(a): Count One for robbing Mutual Bank in Edison, New Jersey, on or about June 6, 2009, and Count Two for robbing Skylands Community Bank in Metuchen, New Jersey, on or about June 9, 2009.

On July 13, 2010, Dawkins pled guilty to Count Two; Count One was later dismissed. The District Court determined that Dawkins's plea was knowing and voluntary, and eventually proceeded to sentencing on January 14, 2011. At sentencing, the District Court confirmed that Dawkins had reviewed the presentence investigation report ("PSR"), and gave both parties an opportunity to comment and voice objections.

Pursuant to U.S.S.G. § 2B3.1(a), Dawkins's base offense level was 20, but the government recommended a number of adjustments in the PSR. Dawkins objected that he should not receive a two point enhancement for recklessly creating "a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer" under U.S.S.G. § 3C1.2. The District Court overruled this objection. Dawkins also objected that because his prior convictions were not separated by an intervening arrest, they should all count as a single sentence for purposes of determining his criminal history under U.S.S.G. § 4A1.2(a)(2). The District Court, however, found that at least three of the convictions should count separately. Furthermore, the District Court determined that based on those convictions, Dawkins qualified not only for criminal history points under § 4A1.2(a)(2), but also as a career offender under § 4B1.1. After several other adjustments, the District Court determined that Dawkins's total offense level was 29, with a criminal history category of VI, resulting in a recommended Guidelines range of 151 to 188 months. There were no motions for departure, so the District Court next considered the § 3553(a) factors, and determined that a sentence of 151 months was appropriate.

Dawkins timely appealed on January 21, 2011. Dawkins's counsel filed an *Anders* brief on May 4, 2011. Dawkins filed a *pro se* brief in response, and after the government filed its brief, Dawkins filed a *pro se* reply brief.[1]

## II.

The District Court had jurisdiction over this case under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel for a defendant may seek to withdraw if, after reviewing the District Court's record, he or she is "persuaded that the appeal presents no issue of even arguable merit[.]" 3d Cir. L.A.R. 109.2(a); *see United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) ("Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in *Anders* . . . ."). To grant counsel's request, we must be satisfied that counsel "has thoroughly scoured the record in search of appealable issues and . . . explain[ed] why the

---

[1] Dawkins's initial *pro se* brief was due on July 7, 2011, but filed on July 11, 2011. However, we need not concern ourselves with the issue of the late filing, because the untimely filing does not affect our jurisdiction, *see Rivas v. City of Passaic*, 365 F.3d 181, 190 (3d Cir. 2004), or our analysis. We will address each argument raised in the *pro se* brief regardless of our response to its untimely filing, because we are required to conduct our own independent review in determining whether nonfrivolous issues remain. Furthermore, the government, which does not claim to have been prejudiced by the untimely filing, addressed each of the arguments in its brief, and Dawkins later reiterated the same arguments in his *pro se* reply brief, which we accepted out of time on October 3, 2011. *Cf. Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984) (discussing factors to consider, such as prejudice and alternatives to dismissal, when fashioning a remedy to a party's failure to timely comply with procedural rules and court orders).

issues are frivolous." *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009) (internal quotation marks and citation omitted). Our "inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled the . . . requirements [of 3d Cir. L.A.R. 109.2(a)]; and (2) whether an independent review of the record presents any nonfrivolous issues." *Youla*, 241 F.3d at 300 (citation omitted). If we determine that "the *Anders* brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the *Anders* brief itself." *Id*. at 301 (quotation marks and citation omitted).

**III.**

Counsel for Dawkins examined the record, and after conducting a thorough and detailed analysis of each potential issue in her *Anders* brief, came to the conclusion that an appeal would be wholly frivolous. Based on our independent review of the record, we agree that there are no meritorious issues, because (1) Dawkins's guilty plea was knowing and voluntary, (2) Dawkins's sentencing hearing complied with due process requirements under Federal Rule of Criminal Procedure 32, and (3) Dawkins's sentence was procedurally and substantively reasonable.[2]

---

[2] Dawkins also argued that his counsel was ineffective. We do not generally consider ineffectiveness claims on direct appeal. *Gov't of the V.I. v. Lewis*, 620 F.3d 359, 371 (3d Cir. 2010). Regardless, Dawkins cannot show that his counsel's performance was in any way deficient, because we find no meritorious issues that counsel could have or should have raised through objections or otherwise. *See Duncan v. Morton*, 256 F.3d 189, 200 (3d Cir. 2001).

A.

We find no meritorious issue with regard to Dawkins's guilty plea. "[C]ourts may not accept a guilty plea without first determining, on the record, that the guilty plea was the result of a knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *Jamison v. Klem*, 544 F.3d 266, 272 (3d Cir. 2008) (citing *Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969)). We look primarily to the colloquy as "a means [of] determining whether the plea was voluntary and knowing." *United States v. Stewart*, 977 F.2d 81, 84 (3d Cir. 1992).

At his plea hearing, the District Court advised Dawkins of his rights, including that he had a right to a jury trial, where he would be presumed innocent, and the government would have to prove his guilt beyond a reasonable doubt. It also informed him of his rights to refrain from self-incrimination and to confront witnesses against him. The District Court explained that Dawkins would waive all these rights if he chose to plead guilty. Dawkins indicated that he understood each of these rights, and that he chose to plead guilty, while acknowledging the consequences of doing so.

This colloquy, "showing full compliance with the customary inquiries and admonitions[,]" demonstrates that Dawkins's guilty plea was knowing and voluntary. *See id*. Nothing in the record indicates otherwise, and Dawkins does not challenge the guilty plea in his *pro se* briefs. We agree with Dawkins's counsel that an appeal of the guilty plea would be wholly frivolous.

6

B.

Dawkins's sentencing hearing complied with due process requirements under Federal Rule of Criminal Procedure 32. "[D]ue process in criminal sentencing requires that a defendant receive notice of, and a reasonable opportunity to comment on, (a) the alleged factual predicate for his sentence, and (b) the potential punishments which may be imposed at sentence." *United States v. Ausburn*, 502 F.3d 313, 322 (3d Cir. 2007) (citing *United States v. Nappi*, 243 F.3d 758, 763-64 (3d Cir. 2001)). In particular, Federal Rule of Criminal Procedure 32 safeguards a defendant's due process rights, and requires that "the defendant [be] made aware of the evidence to be considered and potentially used against him at sentencing, and . . . provided an opportunity to comment on its accuracy." *Ausburn*, 502 F.3d at 322 (quoting *Nappi*, 243 F.3d at 763). A defendant must also be notified of any right to appeal. Fed. R. Crim. P. 32(j).

We find that the District Court fully complied with the requirements of Rule 32, and Dawkins does not argue otherwise. The District Court confirmed that Dawkins was provided with an opportunity to review and discuss the PSR. It gave both parties an opportunity to comment on the PSR, voice objections, and proffer any arguments regarding Dawkins's sentencing. Additionally, the District Court advised Dawkins of his right to appeal. Because there is no sign that the District Court failed to meet the requirements of Rule 32, we find that any appeal thereunder would be wholly frivolous.

7

C.

Finally, Dawkins claims that his sentence was unreasonable, but we disagree. We review all sentences for procedural and substantive reasonableness. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc); *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007). The party challenging the sentence bears the burden of demonstrating unreasonableness. *Tomko*, 562 F.3d at 567.[3] Procedurally, "a district court must undertake a three-step process in imposing a sentence: (1) calculate the applicable Guidelines range, (2) formally rule on any departure motions, and (3) exercise its discretion in applying the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Grier*, 585 F.3d 138, 141-42 (3d Cir. 2009) (citation omitted). Procedural error may also be found if a court "treat[s] the Guidelines as mandatory, . . . select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence . . . ." *Tomko*, 562 F.3d at 567. "Our substantive review requires us not to focus on one or two factors, but on the totality of the circumstances." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007), and *United States v. Howe*, 543 F.3d 128, 137 (3d Cir. 2008)). "The pertinent inquiry is whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the

---

[3] We do not address the government's argument that a plain error standard of review should apply, because we find the sentencing issues to be meritless under even a plenary standard of review.

8

relevant factors." *Lessner*, 498 F.3d at 204 (internal quotation marks and citation omitted).

Dawkins's counsel objected to the U.S.S.G. § 3C1.2 enhancement at trial, but the District Court did not err in applying it. The two-point enhancement is appropriate where the defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer[.]" U.S.S.G. § 3C1.2.

The District Court noted that when police attempted to apprehend Dawkins, he refused to pull his car over, resulting in a motor vehicle police pursuit on the highway at rush hour. Furthermore, when Dawkins was finally forced to stop due to a traffic jam, the police were put at risk by being forced to apprehend him when he refused to emerge from the vehicle. They had to surround the vehicle and break the windows, and even then he was uncooperative as he was forced from the vehicle and handcuffed. Police were forced to engage in a motor vehicle chase and to act with weapons drawn, both of which clearly created a substantial risk of harm. Based on these facts, we find no meritorious basis for appealing the § 3C1.2 enhancement.

In his *pro se* briefs, Dawkins claims that the District Court improperly calculated his criminal history score under U.S.S.G. § 4A1.1, but we find no error. Subsection (a) of § 4A1.1 requires courts to "[a]dd 3 [criminal history] points for each prior sentence of

9

imprisonment exceeding one year and one month." § 4A1.1(a) (2010). Where the defendant has multiple prior sentences:

> "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence."

U.S.S.G. § 4A1.2(a)(2) (2010).

Here, the District Court found that three of Dawkins's sentences should count separately under § 4A1.1(a). Although there were no intervening arrests between any of Dawkins's convictions, the District Court counted three sentences separately because the sentences resulted from offenses contained in different charging instruments, and were imposed on different days. Specifically, the District Court gave Dawkins three criminal history points each for the sentences he received on October 28, 1998 (for indictment #1044-97), July 16, 1997 (for indictment #2895N-98), and August 27, 1999 (for indictment #99-CR873-01).

Dawkins also argues that the 1997 Guidelines manual should have been used rather than the 2010 Guidelines manual, because the 1997 Guidelines manual states that prior sentences may only be counted separately under §4A1.1 if those sentences were "imposed in unrelated cases[.]" U.S.S.G. § 4A1.2(a)(2) (1997). Under the 1997 Guidelines, a defendant could prove that the underlying offenses were related and that the

10

sentences could not be counted separately by "establishing that the prior convictions were part of a common scheme or plan[.]" *United States v. Beckett*, 208 F.3d 140, 147 (3d Cir. 2000) (citation omitted).

This argument also fails. Dawkins has proffered no evidence that would prove that the prior offenses for which he was convicted were part of a common scheme or plan. Even if he had proffered such evidence, his argument would fail as there was no basis for the District Court to apply the 1997 Guidelines. Barring any *ex post facto* problem or a clarifying amendment, "a court should consider the Guidelines that 'are in effect on the date the defendant is sentenced.'" *United States v. Wise*, 515 F.3d 207, 219-20 (3d Cir. 2008) (quoting 18 U.S.C. § 3553(a)(4)(A)(ii)). This case involves no clarifying amendment and no *ex post facto* problem. An *ex post facto* problem could only exist if the relevant Guideline had been materially changed between the time of the instant offense and the sentencing. *See United States v. Menon*, 24 F.3d 550, 566 (3d Cir. 1994). Here, Dawkins's relevant conduct was the June 9, 2009 burglary, and no changes were made to the relevant passages (U.S.S.G. §§ 4A1.1(a) and 4A1.2(a)(2)) between the enactment of the 2009 and 2010 Guidelines manual. Thus, Dawkins "had . . . notice at the time he acted" of what his punishment would be under the Guidelines. *Menon*, 24 F.3d at 566.

Additionally, Dawkins claims that the District Court erred in classifying him as a career offender. "A defendant is a career offender if . . . the instant offense of conviction

11

is a felony that is either a crime of violence or a controlled substance offense; and . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Pursuant to the application notes for Section 4B1.1, there can be no doubt that the instant offense of robbery qualifies as a crime of violence, and Dawkins had at least two prior qualifying felony convictions for crimes of violence. The term "two prior felony convictions" means that "the sentences for at least two of the [] felony convictions are counted separately under the provisions of § 4A1.(a), (b), or (c)." U.S.S.G. § 4B1.2(c). Because Dawkins was properly charged with three separate sentences for robbery under § 4A1.(a), he had not just two, but three prior robbery convictions, amply qualifying him as a career offender under U.S.S.G. § 4B1.2(c). Thus, the District Court did not err in finding that Dawkins was a career offender.

Upon determining that the District Court did not err in calculating the appropriate sentence under the Guidelines, we must determine whether it made any other procedural or substantive error. Procedurally, there were no departure motions on which to rule, and we find that the District Court did not abuse its discretion in applying the § 3553(a) factors. *See Grier*, 585 F.3d at 141-42. The District Court engaged in a detailed analysis of various factors including recidivism, mental illness, deterrence, the need to protect society, restitution, and rehabilitation, and gave Dawkins the lowest sentence within the Guidelines range. Similarly, we find that the sentence was substantively reasonable

given the totality of the circumstances, *see Lessner*, 498 F.3d at 204, including the seriousness of Dawkins's crime, along with the high likelihood of recidivism, and the lack of any substantial mitigating factors. Given these circumstances, we find that any appeal based on the reasonableness of Dawkins's sentence would be wholly frivolous.

**IV.**

For the reasons set forth above, we will affirm the judgment of the District Court and grant defense counsel's motion to withdraw. Additionally, pursuant to Third Circuit Local Appellate Rule 109.2(b), we certify that the present appeal "lack[s] legal merit for purposes of counsel filing a petition for writ of certiorari in the Supreme Court."