**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-4554

_____

UNITED STATES OF AMERICA

v.

CIRILO FLORES,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 12-cr-00186)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2015

Before:  AMBRO, HARDIMAN, and NYGAARD, *Circuit Judges*.

(Opinion Filed:  November 20, 2015)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Cirilo Flores appeals the District Court's judgment of conviction and sentence for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). His court-appointed counsel moves to withdraw pursuant to *Anders v. California*. 386 U.S. 738 (1967). Because we agree with counsel that all potential appealable issues are frivolous, we will grant counsel's motion and affirm the judgment of the District Court.

I

Flores was arrested on suspicion of offenses related to child pornography. After a grand jury returned an eight-count indictment against him, Flores pleaded guilty to a one-count superseding information charging him with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). Throughout his prosecution, Flores was represented by two court-appointed attorneys.

At his sentencing hearing, Flores requested a new lawyer, so the court appointed Jose Luis Ongay to represent him. Flores also moved to withdraw his plea, but the District Court denied the motion and sentenced him to 46 months' imprisonment, 20 years' supervised release, a $500 fine, and a $100 special assessment.

With the assistance of his new counsel, Flores filed a timely notice of appeal. Counsel now asserts that there are no nonfrivolous issues to be resolved on appeal and seeks to withdraw pursuant to *Anders*. The Government filed a brief in support of counsel's motion and Flores filed a pro se brief in opposition.

II[1]

Under *Anders v. California*, counsel may seek to withdraw from representing an indigent criminal defendant if there are no nonfrivolous issues to appeal. *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000). We implement *Anders* through Local Appellate Rule (LAR) 109.2(a) and exercise plenary review. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). To guide our review, we ask: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

A

Under LAR 109.2(a), counsel must file a motion to withdraw and support it with a brief that "(1) . . . satisf[ies] the court that counsel has thoroughly examined the record in search of appealable issues, and (2) . . . explain[s] why the issues are frivolous." *Id.*

In this case, we are satisfied that Flores' attorney thoroughly searched the record for appealable issues. He identifies four of them in his brief: (1) whether the District Court had jurisdiction; (2) whether Flores' guilty plea was validly entered; (3) whether his sentence was lawfully imposed; and (4) whether the District Court properly denied his motion to withdraw his guilty plea. We agree with counsel that a challenge raising any of these issues would be frivolous.

As an initial matter, the District Court had jurisdiction to convict and sentence

---

[1] The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231; we have jurisdiction under 28 U.S.C. § 1291.

Flores for violating 18 U.S.C. § 2252(a)(4), a "law[] of the United States." 18 U.S.C. § 3231. Moreover, the record demonstrates that Flores' guilty plea was knowingly and voluntarily made, and was fully supported by the evidence. Fed. R. Crim. P. 11(b)(1)–(3). At his plea colloquy, Flores was advised by the Court of the charge against him, the legal rights he stood to waive, and the potential punishments he faced. In response, Flores confirmed that he wished to plead guilty and did so of his own free will. An independent factual basis supported Flores' conviction. Although Flores now complains that he felt "pressured" to plead guilty and purports to have "[feigned] complete understanding and satisfaction" at his colloquy, these general averments—in the face of clear statements to the contrary—fail to raise genuine concern that his plea was either unknowingly or involuntarily made.[2] *See United States v. Stewart*, 977 F.2d 81, 85 (3d Cir. 1992) ("[D]efendant has the burden of persuasion to establish that a plea was neither intelligent nor voluntary."). Finally, the District Court imposed a punishment consistent with the parties' plea agreement and the United States Sentencing Guidelines.

Regarding Flores' motion to withdraw his guilty plea, we review the District Court's denial for abuse of discretion. *United States v. Trott*, 779 F.2d 912, 915 (3d Cir. 1985). The burden is on Flores to show a "fair and just" reason for withdrawing his plea. *Id*. (citing *Gov't of Virgin Islands v. Berry*, 631 F.2d 214, 219 (3d Cir. 1980)). In evaluating his efforts, we consider three factors: (1) whether Flores asserts his innocence;

---

[2] The fact that Flores has difficulty understanding English does not change this conclusion since he was assisted by an interpreter throughout his plea colloquy.

4

(2) whether the government would be prejudiced by allowing withdrawal; and (3) the strength of Flores' reasons for withdrawing his plea. *Id*. In order for a claim of innocence to qualify as a fair and just reason for withdrawal, it must be "buttressed by facts in the record that support [the claim]." *United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001). In addition, a credible explanation must be given as to why contradictory positions were taken under oath at the plea hearing. *Id.*

We agree with counsel that there is no nonfrivolous argument to be made that the District Court abused its discretion by denying Flores' motion to withdraw his plea. In response to Flores' concern about a potentially exculpatory internet conversation, the Court had counsel investigate the matter before concluding that the lead actually hurt Flores' case. Other than that, Flores offers only his insistence—voiced for the first time on appeal—that the cell phone police analyzed that revealed the pornographic images at issue was not his. Nothing in the record buttresses this claim and several pieces of evidence undermine it. For example, upon review of phone records obtained from Sprint, the police discovered that 22 naked photos of the victim were sent to a cell phone registered to Flores. Those photos were then forwarded to an email address operated by Flores. This evidence corroborates the testimony of both the victim and her mother, who admitted to being Flores' accomplice. Moreover, the Court reasonably found that Flores' explanation as to why he offered a contradictory plea—that he succumbed to attorney pressure and reluctantly abandoned his pursuit of a speedy trial—was not credible since he had proven himself willing to delay trial by agreeing to several continuances.

B

Our independent review of the record, aided by the Government's brief, reveals one additional issue not mentioned by counsel. Throughout his pro se brief, Flores takes issue with the assistance rendered to him by all three of his court-appointed attorneys. Essentially, Flores complains that the assistance provided was constitutionally ineffective because his attorneys failed to properly investigate exculpatory leads or otherwise prepare for trial.

Generally, we do not entertain ineffective assistance of counsel claims on direct appeal. *See, e.g.*, *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003) ("It has long been the practice of this court to defer the issue of ineffective assistance of trial counsel to a collateral attack.") (citing *United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998)). Instead, we prefer these claims to be raised on collateral review under 28 U.S.C. § 2255 to give our court the benefit of a fully developed record. *Id.* at 272 (citing *Massaro v. United States*, 538 U.S. 500, 504–05 (2003)). Although a narrow exception to this rule exists where the record on direct appeal is adequate to allow for adjudication of the ineffective assistance claim, *see, e.g., United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991), such is not the case here. In fact, Flores concedes as much in his brief by admitting the need for an evidentiary hearing on the issue. Therefore, we decline to review any ineffective assistance claim at this time.

III

For the reasons stated, we will grant counsel's motion to withdraw and affirm the

judgment of the District Court. Counsel is not required to file a petition for writ of certiorari with the United States Supreme Court under Third Circuit LAR 109.2(c).