**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3106
_____

UNITED STATES OF AMERICA

v.

GREGORY WESTBERRY,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-11-cr-00355-001)
District Judge: Honorable Renee Marie Bumb
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 5, 2017

Before:  CHAGARES, GREENAWAY, JR., and VANASKIE, <u>Circuit Judges</u>.

(Filed: August 9, 2017)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Gregory Westberry was sentenced to 12 months of imprisonment and two years of supervised release after pleading guilty to violating the terms of his supervised release from a prior conviction. On appeal, his counsel moved to withdraw pursuant to Third Circuit Local Appellate Rule 109.2 and Anders v. California, 386 U.S. 738 (1967). We will grant permission for counsel to withdraw and affirm the District Court's judgment.

I.

While Westberry was on supervised release for a prior conviction,[1] the United States Probation Office filed a Petition for Warrant or Summons for Offender under Supervision, requesting that the District Court revoke Westberry's supervised release based on three alleged violations. The first and third charged violations were based on Westberry's arrests dated January 6 and March 8, 2016. The second was for Westberry's use of narcotics, based on a drug test on February 17, 2016 that tested positive for heroin.

Westberry appeared before the District Court on June 27, 2016. Prior to the hearing, Westberry and the Government had discussed an agreement where Westberry would plead guilty to the second violation charge and the Government would recommend 12 months of imprisonment with no supervised release and dismiss the first and third violation charges. The Probation Office, however, took the position that Westberry's sentence should include a term of supervised release. Westberry's attorney advised the

---

[1] On June 20, 2012, Westberry was sentenced to sixty-four months of imprisonment and three years of supervised release after pleading guilty to violating 28 U.S.C. § 922(g)(1), Possession of a Firearm by a Convicted Felon.

court that the defendant "understands it will then be up to your Honor to decide how to resolve that." App. 28.

Westberry's attorney then answered in the affirmative to a series of questions posed by the court regarding whether Westberry was apprised of certain issues. Those issues included the consequences of pleading guilty, the waiver of rights, the sentencing exposure, the advisory nature of the federal Sentencing Guidelines, and that, notwithstanding the Government's recommendation, it was "entirely up to the Court as to the sentence that's to be imposed." App. 28-31. The court conducted a colloquy directly with Westberry, during which he confirmed that he understood the charges against him, the rights that he would give up by pleading guilty, and the sentencing exposure; that he was pleading guilty voluntarily; and that he was satisfied with his attorney. Westberry pled guilty to the second violation charge and allocuted as to the nature of the violation (using heroin while on supervised release while at Delaney Hall, a halfway house).

With the consent of the parties, the District Court proceeded to sentencing. Westberry's attorney explained to the court the basis for the 12-month sentence jointly recommended by the Government and the defense. He noted that although the original basis for the second violation charge was a sole "dirty" urine sample, the proposed sentence was at the top of the advisory Sentencing Guidelines of seven to 13 months. He explained:

> We've agreed to it for a couple of reasons. Number one, we understand
> . . . other charges that [will] have been dismissed as to Mr. Westberry. And
> number two, in the hope that the Court will consider the fact that in
> imposing what we consider to be a harsh sentence for a one dirty urine

3

violation, the Court will dispense with the requirement of further supervised release, which is also part of the joint recommendation.

App. 43. The Government added that "although this is Mr. Westberry's first violation[,] it is important to note that he was only on supervised release for approximately eight weeks before his first arrest that forms the basis for violation number one." App. 48. The Government also noted that Westberry's prior sentence was the result of a "very significant" downward departure and that Westberry admitted to using heroin while residing at a halfway house "specifically for inmates who have substance abuse issues." App. 49.

The District Court concluded that, after considering the facts of the case and the 18 U.S.C. § 3553(a) factors, a 12-month term of imprisonment and a two-year term of supervised release was appropriate. The court noted as relevant considerations Westberry's extensive criminal history and drug use, the short period of time between the start of the previous term of supervised release and the alleged violation, and the fact that he used heroin at a halfway house. The court concluded:

> I think that by not continuing Mr. Westberry on supervised release I don't think it promotes respect for the law, number one. I think that someone who -- he should have to prove himself that he can do this. That's what supervision is all about. He should be deterred. And if he's kept on supervised release, when he gets out he'll be deterred because he'll know if he violates again he'll be back in the same boat, he'll be back facing jail time. And that will serve as a very valuable deterrent for him. The public will be protected by the sentence that I'm about to impose.

App. 54. While the sentence was being announced, Westberry attempted to request that the court sentence him to 24 months of imprisonment instead of 12 months, and no supervised release. The court declined.

4

Westberry timely appealed. His attorney requests to withdraw because there is no viable basis for appeal.

## II.[2]

Under Anders v. California, court-appointed counsel may — after finding any appeal "to be wholly frivolous" after careful examination of the record — file a brief "advis[ing] the Court and request[ing] permission to withdraw" and identifying "anything in the record that might arguably support the appeal." 386 U.S. at 744. In evaluating a motion to withdraw, the Court's inquiry is twofold: "(1) whether counsel adequately fulfilled the [Court's] rule's requirements" under Third Circuit Local Appellate Rule 109.2(a); and "(2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).

The withdrawing counsel's brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues" and "explain why the issues are frivolous." Id. An appeal is frivolous if "the appeal lacks any basis in law or fact." McCoy v. Court of Appeals of Wis., 486 U.S. 429, 438 n.10 (1988). If the Anders brief "appears to be adequate on its face, the proper course is for the appellate court to be guided in reviewing the record by the Anders brief itself. A complete scouring of the record is unnecessary." Youla, 241 F.3d at 300-01.

We conclude that counsel has fulfilled the requirements of Anders by making a thorough examination of the record. See id. at 299. Westberry's counsel submitted a

_____

[2] The District Court had jurisdiction under 18 U.S.C. § 3231 and 18 U.S.C. § 3583(e). This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

brief that reviewed the record and identified potentially appealable issues, concluding that none are legitimate. This Court has likewise failed to identify any non-frivolous issues after an independent review of the record. Westberry did not file a pro se brief in response.

We first examine Westberry's guilty plea. The District Court followed all the steps required by Fed. R. Crim. P. 11: placing Westberry under oath, addressing him personally, ensuring through questioning that Westberry was competent and that he was entering the plea of his own free will, advising him of his trial rights, and warning him that entry of a guilty plea would lead to waiver of a hearing before the judge and other rights. The District Court also addressed the nature of the offense, the potential penalties, and the advisory Sentencing Guidelines. The District Court specifically advised Westberry of the fact that the court has discretion to impose a different sentence from the plea agreement. Westberry's attorney also acknowledged that the ability to impose a different sentence — in this case, a term of supervised release — was within the discretion of the court. Finally, the court addressed Westberry personally and Westberry confirmed the factual basis for the violation of supervised release. See United States v. Stewart, 977 F.2d 81, 84 (3d Cir. 1992) ("A transcript showing full compliance with the customary inquiries and admonitions furnishes strong, although not necessarily conclusive, evidence that the accused entered his plea without coercion and with an appreciation of its consequences.").

Next, we examine Westberry's sentence. We have set forth a "three-step framework" for district courts to follow when sentencing a defendant. See United States

6

v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). First, a district court must calculate a Guidelines sentence as it would have been prior to United States v. Booker, 543 U.S. 220 (2005). Id. Second, the district court must formally rule on any motions for departure and state what effect any departure would have on the Guidelines calculation. Id. Third, the district court must exercise discretion by considering relevant 18 U.S.C. § 3553(a) factors regardless of whether it varies from the Guidelines sentence. Id. Here, the District Court calculated a Guidelines sentence of 7 to 13 months of imprisonment. There were no motions for departure. The District Court considered the relevant § 3553(a) factors in determining its sentence, including Westberry's prior experience with the criminal justice system, the nature of the violation at issue, and deterrence. Accordingly, this sentence was procedurally reasonable.

Any challenge to the substantive reasonableness of the sentence would also be meritless. Because the record reflects "rational and meaningful consideration of the factors enumerated in § 3553(a)," United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc), we only overturn a sentence as unreasonable when "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided," United States v. Tomko, 562 F.3d 558, 56 (3d Cir. 2009) (en banc). Here, the decision of the District Court to impose a sentence of 12 months — which was within the Guidelines range and was the term of imprisonment agreed upon by the defendant and the Government — and a two-year term of supervised release was not unreasonable under the circumstances.

## III.

For the foregoing reasons, we will grant counsel's request to withdraw and affirm the District Court's judgment.