NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-2211, 07-2717
_____

UNITED STATES OF AMERICA

v.

EDWARD P. SEMULKA
also known as
EDWARD SEMULLA

Edward P. Semulka,

Appellant
_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
Crim. No. 06-281
District Judge: Honorable Alan N. Bloch
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
May 24, 2011

BEFORE:  FUENTES, FISHER, and NYGAARD, *Circuit Judges*

(Opinion Filed:  June 21, 2011)
_____

OPINION
_____

FUENTES, *Circuit Judge.*

1

Appellant, Edward Semulka ("Semulka") was charged with five counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2 for selling electronic equipment on eBay, an internet auction site, but never intending to deliver the merchandise to its purchasers. Without any formal plea agreement, Semulka pled guilty and was sentenced to twenty-four months of imprisonment and a three year term of supervised release. The District Court denied his subsequent motion to withdraw his guilty plea. Semulka appeals his sentence and the denial of his motion.

Semulka's court-appointed counsel has filed a brief requesting to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). A copy of the *Anders* brief was sent to Semulka but he has not filed a *pro se* response brief. Because we find that counsel's brief was adequate and the record does not present any non-frivolous issues, we will affirm the District Court's sentence and grant the motion to withdraw.

**I.**

We write only for the parties and therefore only briefly discuss the facts necessary to explain our decision. Beginning no later than August 2001, Semulka listed for sale and sold electronic equipment on eBay. Semulka's indictment was based on five particular eBay transactions, in which he either failed to send the product as it was advertised or failed to send a product at all after receiving payment from the purchaser. On August 10, 2006, Semulka was indicted on five counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2. Without any formal plea agreement, Semulka pled guilty at a Rule 11 hearing and was sentenced to twenty-four months' imprisonment, followed by a three-year term of supervised release. Following the imposition of the sentence, Semulka filed

2

a *pro se* motion to withdraw his guilty plea, which the District Court denied. Semulka subsequently filed two separate *pro se* notices of appeal: one dated April 3, 2007, challenging his conviction and sentence, and another dated May 3, 2007 challenging the denial of his post-sentencing motion to withdraw his guilty plea.

At this time, Semulka has already served his time in prison and less than six months remain for his term of supervised release which is set to expire on November 27, 2011.

## II.

Both of Semulka's *pro se* notices of appeals were consolidated by this Court and remanded to the District Court with the instruction to treat them as motions for an extension of time, pursuant to Federal Rule of Appellate Procedure 4(b)(4). The District Court granted the extension of time and Semulka was given until May 7, 2008 to file a notice of appeal. On May 5, 2008, Semulka mailed in a motion for an extension of time to file a notice of appeal, which was received on May 9, 2009 and ultimately denied.[1] He nonetheless submitted a notice of appeal on June 4, 2008. Because an appeal from a district court to a court of appeals may be taken only with a timely notice of appeal, a threshold issue is whether Semulka's motion for an extension of time to file a notice of appeal, which he mailed on May 5, 2008, can be construed as a timely notice of appeal. Fed. R. App. P. 3.

---

[1] Semulka's notice of appeal was docketed by the District Court on May 9, 2009. However because he was incarcerated at the time, the notice is deemed timely if it is mailed on or before the last day for filing. Fed. R. App. P. 4(c)(1).

Federal Rule of Appellate Procedure 3(c) governs the content of notices of appeal and provides that notices shall: (1) specify the party taking the appeal; (2) designate the judgment being appealed; and (3) name the court to which the appeal is taken. Semulka's motion satisfies the first two criteria. As to the third, although it did not name the court to which the appeal is taken, it specifically indicated Semulka's intent to seek appellate review, and the destination of the appeal was clear; the only appellate court with jurisdiction over Semulka's appeal is the United States Court of Appeals for the Third Circuit. *See* 28 U.S.C. § 1294(1). The advisory committee note to Rule 3(c) provides that "[s]o long as the function of notice is met by the filing of a paper indicating an intention to appeal, the substance of the rule has been complied with."

Additionally, the Appellee, the Government, has not suffered any prejudice and describes Semulka's appeal as timely in its own brief. We also recognize that "[t]he duty to construe appeal notices liberally is heightened in cases involving *pro se* appellants." *Gov. of the Virgin Islands v. Mills*, 634 F.3d 746, 751 (2011).

For these reasons, we conclude that Semulka's May 5 filing is the "functional equivalent" of a notice of appeal, providing us with jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *Smith v. Barry*, 502 U.S. 244, 248 (1992) (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316-17 (1988)).

### III.

In *Anders v. California*, the Supreme Court provided that although a defendant's counsel is required to "support his client's appeal to the best of his ability[,]" counsel may request permission to withdraw from a case if he finds the case to be "wholly

4

frivolous." 386 U.S. 738, 744 (1967). Should counsel believe that the case is wholly frivolous after performing a "conscientious examination" of the record, he must submit a brief to the court "referring to anything in the record that might arguably support the appeal[,]" and provide a copy of the brief to his client should that client choose to file a response. *Id*. Counsel's brief must: (1) "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and (2) "explain why the issues are frivolous." *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009)

Upon receipt of the brief, we ask "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). When a brief is adequate, we review only the portions of the record identified in the brief and any issues raised by the appellant in his *pro se* brief. If we find that there are no non-frivolous issues, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Marvin*, 211 F.3d at 780 (quoting Third Circuit Rule 109.2(a)).

Semulka's unconditional guilty plea generally limits his appellate relief to three claims: (1) jurisdiction; (2) the validity of his plea; and (3) the legality of his sentence. *See United States v. Broce*, 488 U.S. 563 (1989). The *Anders* brief and our independent review of the record show that nothing in the record provides a basis on which to challenge the validity of the plea colloquy or the subsequent sentencing determination. The plea colloquy was comprehensive and the record indicates that Semulka's plea was "knowing, voluntary, and intelligent." *United States v. Tidwell*, 521 F.3d 236, 251 (3d

5

Cir. 2008).  Moreover, both Semulka and his counsel confirmed on the record that he was fully competent to plead.

Likewise, the sentencing hearing transcript demonstrates that the District Court complied with the requirements of Fed. R. Crim. P. 32, as applicable to Semulka's case. The District Court accepted the presentence report as accurate, as there were no timely objections raised by either party.  Before handing down the sentence, the District Court provided an opportunity for both parties' attorneys and for Semulka to speak.  The District Court considered the advisory sentencing guidelines range of 18-24 months, and imposed a sentence on the highest end of that range after considering the factors set forth in 18 U.S.C. § 3553(a).  Although counsel raises the issue in his *Anders* brief that the lower court could have expounded upon its analysis of the § 3553 factors, this does not present a non-frivolous issue because "[t]he district court need not make explicit findings as to each of the § 3553(a) factors if the record makes clear that the court took the factors into account in sentencing."  *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010) (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006)).  The record here is clear that the District Court took into account the § 3553 factors.

## IV.

For the foregoing reasons, we will affirm the District Court's sentencing.  We accept the defense counsel's *Anders* brief and counsel's motion for leave to withdraw will be granted.