NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2891
_____

UNITED STATES OF AMERICA

v.

JOSE RAMOS,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D. C. Criminal No. 1-15-cr-00257-001
District Judge: Honorable Sylvia H. Rambo
_____

Submitted under Third Circuit LAR 34.1(a)
on January 26, 2017

Before:  CHAGARES, RESTREPO and ROTH, Circuit Judges

(Opinion filed: March 6, 2017)

_____

OPINION*
_____

ROTH, Circuit Judge

-------

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jose Ramos was sentenced to forty-six months of incarceration for illegally re-entering the United States after having been convicted of an aggravated felony. On appeal, his counsel seeks to withdraw pursuant to Third Circuit Local Appellate Rule 109.2 and *Anders v. California*,[1] because counsel has not been able to identify any viable issues on which to base an appeal. Permission to withdraw will be granted, and the District Court's order affirmed.

## I. Background

In March 2000, Ramos, a citizen of Guatemala, unlawfully entered the United States from Mexico. In August 2008, Ramos was convicted of petit larceny in Virginia in relation to the theft of a bicycle. In July 2009, Ramos was convicted in the District of Columbia of attempted distribution of cocaine. In December 2010, he was removed to Guatemala. As part of the removal process, Immigration and Customs Enforcement served Ramos with Immigration Form I-294, advising him that he was prohibited from entering the United States because he had been found to be inadmissible due to his aggravated felony convictions under Section 212 of the Immigration and Nationality Act, 8 U.S.C. § 1182.

Ramos then unlawfully re-entered the United States. On October 7, 2015, he pleaded guilty to simple assault in relation to a domestic incident in Pennsylvania. The Franklin County Court of Common Pleas imposed a sentence of time served, with immediate release to immigration authorities. On October 28, 2015, a grand jury indicted

---

[1] 386 U.S. 738 (1967).

Ramos for illegally re-entering the United States after having been convicted of an aggravated felony (namely, his 2008 conviction). On January 13, 2016, Ramos appeared before the District Court to enter a guilty plea. However, because he was skeptical that his petit larceny was an aggravated felony, he declined to plead on that date, and the case was set for trial in February. On February 8, 2016, Ramos reversed course again and pleaded guilty, while reserving the right to challenge whether he had a conviction for an aggravated felony. In the course of conducting the guilty plea colloquy, the District Court ensured that Ramos understood the nature of the proceeding and that his plea was voluntary. Next, the Court proceeded to cover the considerations for accepting a guilty plea that are outlined in Rule 11 of the Federal Rules of Criminal Procedure. The Court ultimately accepted Ramos's plea.

A presentence report was prepared, recommending forty-six to fifty-seven months' imprisonment. Ramos filed objections to the presentence report. He sought a downward departure based upon an overstatement of his criminal history; he argued that he had not in fact committed the assault to which he had pleaded guilty in 2015. He also requested a downward variance based upon the government's failure to move for a departure under Section 5K3.1 of the Guidelines for the early disposition or fast track program. The government filed a response arguing that Ramos's criminal history was not overstated and explaining that the fast track program was not offered to Ramos because he had waited until the eve of trial to plead guilty, which caused the expenditure of significant government resources. On June 8, 2016, the District Court held a sentencing hearing. After considering Ramos's requests for both downward departure and variance, the

District Court imposed a sentence at the bottom of the advisory Guidelines range, forty-six months.

Ramos appealed. Counsel now requests to withdraw because there is no viable basis for appeal.

## II. Discussion[2]

Under *Anders*, if court-appointed appellate counsel "finds [an appeal] to be wholly frivolous, after a conscientious examination of" the case, he must "so advise the Court and request permission to withdraw."[3] When reviewing a request under *Anders*, this Court's first inquiry is "whether counsel adequately fulfilled [the] requirements" of *Anders*.[4] Counsel's request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal."[5] Counsel's brief is required "(1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous."[6] An appeal is frivolous if "the appeal lacks any basis in law or fact."[7]

Here, we believe that counsel fulfilled the requirements of *Anders*. Counsel submitted a brief that thoroughly reviews the record and identifies the potential issues given the current procedural posture. As Ramos's counsel points out, when there has

---

[2] The District Court exercised jurisdiction over this matter pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

[3] *Id.* at 744.

[4] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

[5] *Anders*, 386 U.S. at 744.

[6] *Youla*, 241 F.3d at 300.

[7] *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 438 n.10 (1988); *accord Youla*, 241 F.3d at 301 ("An appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits'" (citation omitted) (alterations in original)).

4

been an unconditional guilty plea, the primary issues that may be raised on appeal are (1) the jurisdiction of the district court, (2) the validity of the guilty plea, and (3) the legality of the sentence.[8] Ramos's counsel discusses each of these issues in the *Anders* brief and describes why none supplies a plausible basis for appeal.

After reviewing counsel's brief, the Court asks "whether an independent review of the record presents any non-frivolous issues."[9] "Where the *Anders* brief initially appears adequate on its face," as counsel's brief here does, and where there is no *pro se* brief, as there is not here, we primarily focus on the portions of the record identified by the *Anders* brief.[10] If our inquiry shows that the identified issues are frivolous, the Court must "grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel."[11] We have independently reviewed the record, focusing on the issues raised by counsel's *Anders* brief, and come to the following conclusions.

First, the District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231, which provides jurisdiction over violations of federal law, here illegal re-entry into the United States by a previously deported alien in violation of 8 U.S.C. § 1326.

Second, there are no facts suggesting that Ramos's guilty plea was involuntary or otherwise invalid. The District Court fully informed Ramos of the rights he was waiving, the maximum penalties he faced, and the existence and significance of the United States Sentencing Guidelines. Ramos indicated that he understood these points and pleaded

---

[8] *See United States v. Semulka*, 431 F. App'x 138, 141 (3d Cir. 2011) (citing *United States v. Broce*, 488 U.S. 563 (1989)).
[9] *Youla*, 241 F.3d at 300.
[10] *Id.* at 301.
[11] 3d Cir. L.A.R. 109.2(a).

5

guilty.  No facts suggest any involuntariness or any other basis for invalidity.  Thus, the plea was valid.[12]

Third, the sentence was procedurally and substantively reasonable.  Procedurally, the District Court correctly calculated the Sentencing Guidelines range, and "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)."[13]  Substantively, the sentence was near the bottom of the Sentencing Guidelines range, and we can find no basis for saying that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[14]  Ramos requested a downward departure based on an overstatement of criminal history, specifically arguing he had not committed the assault for which he was convicted.  However, the District Court heard Ramos's evidence and argument, and thereafter credited the police affidavit describing the assault.  We afford considerable deference to the District Court's credibility determination,[15] so we cannot see any viable basis for an appeal relating to this point.  Ramos also requested a downward variance because he felt that he should have qualified for the Government's fast track program, but the District Court, exercising its discretion, declined to grant that

---

[12] *See United States v. Stewart*, 977 F.2d 81, 84 (3d Cir. 1992) ("A transcript showing full compliance with the customary inquiries and admonitions furnishes strong, although not necessarily conclusive, evidence that the accused entered his plea without coercion and with an appreciation of its consequences.").

[13] *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc).

[14] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

[15] *United States v. Kole*, 164 F.3d 164, 177 (3d Cir. 1998) ("Credibility determinations are the unique province of a fact finder, be it a jury, or a judge sitting without a jury. Where the record supports a credibility determination, it is not for an appellate court to set it aside." (citing *Hoots v. Pennsylvania*, 703 F.2d 722, 725 (3d Cir. 1983))).

variance.  The District Court's exercise of discretion is also entitled to substantial

deference,[16] so we cannot identify a plausible basis for appeal here either.

### III. Conclusion

For the foregoing reasons, we will grant counsel's request to withdraw and affirm

the District Court's judgment.

---

[16] *Gall v. United States*, 552 U.S. 38, 59 (2007) (holding that appeals courts review sentences, including the decision to grant or deny a variance, for abuse of discretion because "it is not for the Court of Appeals to decide *de novo* whether the justification for a variance is sufficient or the sentence reasonable").